UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MAGISTRATE NO. 1:15-MJ-00161 |
| | : | |
| SARAH YOUSSEF KASSEM | : | <u>UNDER SEAL</u> |

<u>MOTION TO DISMISS CRIMINAL COMPLAINT WITHOUT PREJUDICE</u>

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully moves the Court to dismiss the criminal complaint against Defendant Sarah Youssef Kassem, without prejudice, for the reasons set forth herein.

BACKGROUND

A criminal complaint and arrest warrant were filed on March 19, 2015, against Defendant Sarah Youssef Kassem. Count 1 of the criminal complaint charged Defendant with conspiracy to commit violations of 18 U.S.C. § 1956(a)(1)(b)(i) and 1957, in violation of 18 U.S.C. § 1956(h). Defendant has not been arrested on the pending charge.

LEGAL STANDARD

Federal Rule of Criminal Procedure 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. Proc. 48(a). "Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995). Phrased differently, "the decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." *Id.*; *see also United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("The

Executive [Branch] remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated.  The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

Unless there is evidence the dismissal is made in bad faith, intended to harass the defendant, or otherwise contrary to the public interest, it is an abuse of discretion for a court to deny a motion to dismiss a complaint without prejudice.  *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000); *United States v. Reyes*, 102 F.3d 1361 (5th Cir. 1996); *United States v. Newsome*, 887 F.2d 1088 (6th Cir. 1989); *United States v. Jacobo-Zavala*, 241 F.3d 1009 (8th Cir. 2001); *United States v. Matta*, 937 F.2d 567 (11th Cir. 1991).  Examples of bad faith or "acts contrary to public policy" include bribery of the prosecutor, mere inconvenience to the prosecutor, or the prosecutor's personal dislike of the crime victim.  *United States v. Hamm*, 659 F.2d 624, 629 (5th Cir. 1981).  The prosecutor should provide a statement of reasons and underlying factual basis for the motion to dismiss.  *United States v. Ammidown*, 497 F.2d 615, 619-21 (D.C. Cir. 1974).

In this District, there is a strong presumption in favor of dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989).  Dismissal "without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *United States v. Ferguson*, 565 F. Supp. 2d 32, 48 (D.D.C. 2008).

**REASONS TO DISMISS**

The United States seeks to dismiss the criminal complaint and arrest warrant filed against the Defendant in order to facilitate the return of the Defendant and a co-conspirator from Egypt, a country from which the United States is unlikely to secure extradition. Since the date that the criminal complaint and arrest warrant were filed, the Defendant has been residing in Egypt with her boyfriend, who also has a pending criminal complaint and warrant authorizing his arrest. In order to facilitate the return of the Defendant and her co-conspirator boyfriend, the United States concluded that it was in the best interests of the case to dismiss the criminal complaint pending against the Defendant.

In light of the present circumstances of the case, the United States now moves to dismiss the previously described criminal complaint without prejudice. Dismissal of the criminal complaint without prejudice will result in no legal harm or prejudice to Defendant.

**CONCLUSION**

For these reasons, the United States respectfully submits that it is acting in good faith in filing for a motion to dismiss without prejudice. Pursuant to the cases cited above, this Court should grant the Motion to Dismiss the Criminal Complaint as to Sarah Youssef Kassem, without prejudice.

Respectfully submitted,

M. KENDALL DAY, CHIEF
ASSET FORFEITURE AND MONEY
   LAUNDERING SECTION

By:    _/s/ Marie Dalton_____
MARIE DALTON (C.A. BAR 246606)
Trial Attorney
STEPHEN A. GIBBONS (D.C. BAR 493719)
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Suite 10100
Washington, DC   20005
Telephone:   (202) 598-2982
   (202) 598-2523
Email:   marie.dalton@usdoj.gov
   stephen.gibbons@usdoj.gov